**FILED**
CLERK, U.S. DISTRICT COURT
May 23, 2005 (1:12pm)
DISTRICT OF UTAH

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAYMOND BRUMBELOW, et al., <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br> THE LAW OFFICES OF BENNETT AND DELONEY, P.C., et al., <br><br> Defendants. | MEMORANDUM DECISION GRANTING IN PART MOTION OF THE INDIVIDUAL DEFENDANTS FOR SUMMARY JUDGMENT <br><br><br><br><br><br> Case No. 2:04-CV-00439PGC |

This matter began because the plaintiff wrote a bad check in the amount of $39.70 at a PetSmart in Georgia. PetSmart's collection attempts failed and the debt was assigned for collection to the defendant corporation, the Law Offices of Bennett & DeLoney P.C. The plaintiff alleges that a letter sent by the defendant corporation violated the Fair Debt Collection Practices Act. Similar letters were apparently sent to others in Georgia, so the plaintiff has taken it upon himself to sue on their behalf as well. The plaintiff named as defendants in this action not only the corporation which sent the collection letter, but also its two shareholders–Michael Bennett and Richard DeLoney. These individual defendants argue that they are not "debt collectors" under the Act and have moved for summary judgment. The court disagrees, and finds

that there are disputed material issues of fact as to whether the individual defendant's qualify as "debt collectors" under the FDCPA.

## **BACKGROUND**

The plaintiff, Mr. Raymond Brumbelow, is a resident of the State of Georgia. In early 2004, Mr. Brumbelow wrote a check to PetSmart in the amount of $39.70. That check was dishonored for insufficient funds. After attempting unsuccessfully to collect on the check, PetSmart referred the debt to Bennett & DeLoney P.C. for collection.

Bennett & DeLoney P.C. is a Utah professional corporation engaged primarily in debt collection activities. The individually named defendants, Michael Bennett and Richard DeLoney, each own 50 percent of the corporation. On March 11, 2004, Bennett & DeLoney P.C. sent a letter to Mr. Brumbelow reminding him of the bad check and PetSmart's failed efforts to collect. The letter further stated, "If you wish to settle this matter, you may pay $167.74 . . . ." Employees of Bennett & DeLoney also telephoned Mr. Brumbelow on a couple of occasions in an attempt to collect the money. Mr. Brumbelow filed this lawsuit on May 10, 2004, two months after receiving the collection letter. Three days after filing his complaint, Mr. Brumbelow, for some unapparent reason, paid the full amount requested in the letter.

Mr. Brumbelow, on behalf of himself and a proposed class, has alleged two causes of action. The first cause of action is for violation of the Fair Debt Collection Practices Act. This cause of action alleges that the defendants violated the FDCPA by attempting to collect amounts from "bad check" writers in excess of that allowed by Georgia law. The second cause of action alleges unjust enrichment. Mr. Brumbelow seeks his actual damages, plus an additional amount

not to exceed $1,000.00 under Section 1692k of the FDCPA.  He also seeks actual damages on

behalf of the class, plus the lesser of $500,000.00 or one percent of the net worth of the

defendants under Section 1692k of the FDCPA.  Finally, Mr. Brumbelow also seeks punitive

damages on behalf of himself and the class.

## DISCUSSION

### 1.  FDCPA Claim

The issue before the court is whether a shareholder of a corporation which is engaged in

debt collection may be held personally liable under the Fair Debt Collection Practices Act as a

"debt collector" without piercing the corporate veil.  The FDCPA creates civil liability for "debt

collectors" who engage in certain abusive or misleading debt collection practices.[1]  A "debt

collector" is defined by the Act as

> any person who uses any instrumentality of interstate commerce or the mails in
> any business the principal purpose of which is the collection of any debts, or who
> regularly collects or attempts to collect, directly or indirectly, debts owed or due
> or asserted to be owed or due another.

There is a split of authority over the effect this language has on individuals collecting debts

within a corporate form.  Some courts, most notably the Seventh Circuit Court of Appeals, have

held that a shareholder, officer, or employee of a corporate debt collector may not be held

personally liable without piercing the corporate veil.[2]  In contrast, several district courts have

held that where a shareholder, officer, or employee of a corporation is personally involved in the

---

[1]15 U.S.C. § 1692a *et seq.*

[2]*White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) (Posner, J.); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000); *see also*, *Ernst v. Jesse L. Riddle, P.C.*, 964 F. Supp. 213, 216 (M.D. La. 1997).

debt collection at issue, he may be held personally liable as a debt collector without piercing the corporate veil.[3]

In this district, Judge Tena Campbell has agreed with those courts which have held that individuals, even within a corporation, can be liable as "debt collectors."[4]   In *Ditty v. Checkrite, Ltd. Inc.* Judge Campbell held that the sole shareholder of a corporate law firm engaged in collecting debts could be held personally liable for violating the FDCPA without piercing the corporate veil:

> [A]s the firm's sole attorney, developer of the "covenant not to sue" practice, author of the generic letters utilized by the firm, and supervisor of all of the firm's collection activities, Mr. DeLoney was regularly engaged, directly and indirectly, in the collection of debts.  Thus, he may be held personally liable under the FDCPA [5]

This holding appears to be faithful to the plain language of the FDCPA.  There is no doubt that in a generic sense a person who authors collection letters, supervises collection activities, and is the sole attorney in a debt collection firm is a "debt collector" as defined by the FDCPA.

In a similar case, the U.S. District Court for the Eastern District of California reached the same conclusion as Judge Campbell:

---

[3]*See e.g.*, *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Piper v. Portnoff Law Assoc.*, 274 F. Supp. 2d 681, 689 (E.D.Pa. 2003); *Albanese v. Portnoff Law Assoc.*, 301 F. Supp. 2d 389, 400 (E.D.Pa. 2004);  *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn. 1999); *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994);  *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995) (same);  *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998) (same); *United States v. ACB Sales & Serv., Inc.*, 590 F. Supp. 561 (D. Ariz. 1984).

[4]*Ditty v. Checkrite, Ltd. Inc.*, 973 F. Supp. 1320 (D. Utah 1997).

[5]*Id*. at 1336-37.

By being directly involved in the day-to-day operation of Lundgren & Associates, including training and managing employees, and reviewing or supervising the review of all accounts, Lundgren was both directly and indirectly involved in Lundgren & Associates' collection of debts.  Given the plain language of the FDCPA, defendant Lundgren is a debt collector within the meaning of the FDCPA and can be held liable for any acts in which he directly or indirectly attempted to collect debts in violation of the FDCPA.[6]

Indeed, most of the district courts that have ruled on this issue agree that "officers and employees of the debt collection agency may be jointly and severally liable with the agency."[7]  In *Teng v. Metropolitan Retail Recovery, Inc.*,[8] for example, the U.S. District Court for the Eastern District of New York held that employees of a debt collection corporation could be held jointly liable with the corporation:

> First, each employee is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect . . . debts owed or due . . . another . . . ."

> Second, [the employees] are each affirmative actors and tortfeasors, who actually made the actionable phone calls, and would be personally liable if this was a tortious cause of action.  Thus, the defendants . . . are jointly and severally liable for the damages incurred by the plaintiff, if there is liability.[9]

The U.S. District Court for the Eastern District of Pennsylvania has stated that "individuals who *exercise control* over the affairs of a business may be held liable under the FDCPA for the

---

[6]*Newman*, 912 F. Supp. at 1371.

[7]*Piper*, 274 F. Supp. 2d at 689.

[8]851 F. Supp. at 67.

[9]*Id*. at 67.

business' actions."[10]  The U.S. District Court for the District of Connecticut has stated that "a high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector" if they were "*personally involved* in the collection of the debt at issue."[11]  Finally, the U.S. District Court for the District of Arizona allows liability for individuals who "*materially participate*" in the debt collection.[12]

The result of these cases is to abrogate the protections of the corporate form for individuals engaged in debt collection through a corporation.  Where closely-held corporations are involved the result is to essentially eliminate the corporate form because the shareholders and officers, such as Michael Bennett and Richard DeLoney in this case, are almost always going to be personally involved in the "day to day operations" of the debt collection business by signing collection letters or authorizing others to sign on behalf of the corporation,[13] "approv[ing] or ratif[ying] business strategies,[14] or otherwise "supervis[ing] . . . collection activities."[15]  While this is a sweeping result, it may very well be the right result given the broad language used in the FDCPA.  As the U.S. District Court for the Northern District of Illinois has stated, "[I]t is highly unlikely that Congress wished to restrict liability to the often small corporate vehicles used for

---

[10]*Piper*, 274 F. Supp. 2d at 690 (emphasis added).

[11]*Musso*, 194 F.R.D. 43, 46 (D. Conn. 1999) (emphasis added).

[12]*Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 862 (D. Ariz. 1999) (emphasis added); *see also  United States v. ACB Sales & Serv., Inc.*, 590 F. Supp. 561 (D. Ariz. 1984).

[13]*Piper*, 274 F. Supp. 2d at 689.

[14]*Musso*, 194 F.R.D. at 47.

[15]*Ditty*, 973 F. Supp. at 1336-37.

collection, and the statutory language clearly brings all those personally involved within the ambit of 'debt collector.'"[16]

On the other hand, this may not have been the result Congress intended. The U.S. District Court for the Middle District of Louisiana has stated that "no language in the FDCPA would suggest that Congress intended the act to supplant state corporate law which generally limits the liability of a corporation's shareholders, officers, and directors . . . ."[17] Ironically, these cases involved the same individual defendant. The result is that a Mr. Jesse L. Riddle is personally and individually a "debt collector" in the Northern District of Illinois, but merely a shareholder and employee of a debt-collection corporation in the Middle District of Louisiana.

Most notably taking the narrow view of the statute is *White v. Goodman*,[18] in which the Seventh Circuit not only held that shareholders cannot be sued under the FDCPA without piercing the corporate veil, but that naming them might even amount to malicious prosecution and merit sanctions. The plaintiff in that case, Patricia White, filed a class action suit against the Book-of-the-Month Club (her creditor), North Shore Agency, Inc. (the collection agency), Jerome Goodman (a shareholder in North Shore), and the company that stuffed and mailed envelopes for North Shore to the Club's creditors. The debt in question for Ms. White was "the princely sum of $18.45."[19] (Nearly *twice* as much was originally at stake in this case!) The

---

[16]*Pikes*, 38 F. Supp. 2d at 640.

[17]*Ernst*, 964 F. Supp. 216.

[18]200 F.3d 1016 (7th Cir. 2000).

[19]*Id*. at 1019.

collection sin involved was "'flat-rating,' the term popularly applied to providing a form which creates the false impression that someone (usually a collection agency) besides the actual creditor is 'participating' in collecting the debt."[20]  The Seventh Circuit, in an opinion written by Judge Posner, granted summary judgment in favor of the envelope-stuffing company and the shareholder Mr. Goodman, stating that the suits against them

> are frivolous and the plaintiffs . . . should have been sanctioned for what amounts to malicious prosecution.  The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form *unless some basis is shown for piercing the corporate veil*, which was not attempted here . . . or at companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters. . . . The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed.[21]

But apparently Judge Posner was not clear enough, because in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*,[22] the U.S. District Court for the Northern District of Illinois, citing the cases discussed above including Judge Campbell's ruling in *Ditty*, held that the owner of a collection agency corporation could be held personally liable under the FDCPA without piercing the corporate veil if he was personally involved in the collection practice.  While that court ultimately determined that the owner was not personally involved, on appeal the Seventh Circuit clarified that the personal involvement of the officer or shareholder is irrelevant:

> [U]nder our holding in *White v. Goodman*, the extent of control exercised by an officer or shareholder is irrelevant to determining his liability under the FDCPA.

----

[20]*Id*. at 1018.

[21]*Id*. at 1019 (emphasis added).

[22]42 F. Supp. 2d 797 (N.D. Ill. 1999).

Because such individuals do not become "debt collectors" simply by working for or owning stock in debt collection companies, we held that the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced. Rather, the FDCPA has utilized the principle of vicarious liability. Just as in the Title VII context, the debt collection company answers for its employees' violations of the statute. With vicarious or *respondeat superior* liability, the debt collection company and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability.[23]

It is this court's unfortunate circumstance to be placed in the situation of having to choose between Judge Posner and the Seventh Circuit, and my own colleague, Judge Campbell. Neither opinion is binding, yet both are persuasive. Which is it? Is it frivolous to name a shareholder under the FDCPA without alleging facts for piercing the corporate veil? Or does the sweeping definition of a "debt collector" abrogate corporate protections for persons "personally involved" in the corporation's debt collection activities? Does the FDCPA, like Title VII, rely on the *respondeat superior* liability of the employer; or does the broad definition of "debt collector" extend potential liability to individual shareholders, officers, and employees? "How long halt ye between two opinions? If [Judge Posner is right] follow him, but if [Judge Campbell], follow [her]."[24] If only the Tenth Circuit had given me some guidance on this issue!

But after having carefully considered the arguments, I must spurn Judge Posner in favor of my own colleague. Where Congress has chosen to use broad language, that language should be given its full effect, no matter how sweeping. Mr. Bennett and Mr. Deloney certainly qualify

---

[23]*Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F. 3d 1057, 1059 (7th Cir. 2000) (internal citations omitted).

[24]1 Kings 18:21 (KJV).

as "any person . . . in any business the principal purpose of which is the collection of any debts . . . directly or indirectly . . . owed or due or asserted to be owed or due another."[25]

Additionally, the Seventh Circuit's direction on this issue is premised on the fact that the FDCPA, like Title VII, is built around *respondeat superior* liability.  But the language of Title VII differs significantly from the FDCPA.  The Americans with Disabilities Act, for example, forbids discrimination by any "covered entity."[26]  "The term 'covered entity' means an employer, employment agency, labor organization, or joint-labor management committee."[27]  Similarly, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act both forbid discrimination by "an employer," "employment agency," or "labor organization."[28]  The Tenth Circuit has squarely held that "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."[29]  In other words, where the employer under Title VII is a corporation, it is the corporate entity which is liable for reinstatement, or backpay, or any other relief awarded, and not the individual decision-maker who actually engaged in the discriminatory conduct.  By contrast, the FDCPA does not limit liability to business entities or employers.  Rather, under the FDCPA, liability extends to all "debt collectors," defined as "*any person* . . . in any business the principal purpose of which is

---

[25]15 U.S.C. § 1692a(6).

[26]42 U.S.C. § 12112(a).

[27]42 U.S.C. § 12111(2).

[28]42 U.S.C. § 2000e-2; 29 U.S.C. § 623.

[29]*Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis in original).

the collection of any debts . . . ."[30]   The point of this is simply that it is much easier to read the language of Title VII and conclude that it is based upon the *respondeat superior* liability of the employer, especially given the remedies available under Title VII, than it is to conclude the same thing with the FDCPA.

Finally, while recognizing that it is the responsibility of the Circuit courts and not this court to ensure the law's uniformity, "[f]or a variety of quite valid reasons, including consistency of result, it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court."[31]   The law can handle inconsistent results.   But there is something particularly unfair about the outcome of a case turning upon a computer's random selection of judges within same building.   As such, this court is even more inclined to agree with Judge Campbell's persuasive opinion.

Mr. Bennett and Mr. DeLoney have argued in the alternative that even if liability can be imposed upon them without piercing the corporate veil, liability should not attach in this case because they were not personally involved in the debt collection activities in question.   It is undisputed in this case that neither Mr. Bennett or Mr. DeLoney ever personally contacted Mr. Brumbelow.   The letters sent to Mr. Brumbelow were sent in the name of the corporation, and the calls were made by employees.   According to their affidavits, both "operate only as high-level supervising employee[s] and officer[s] of the corporation."

---

[30]15 U.S.C. § 1692a(6) (emphasis added).

[31]*TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir.1990).

But these facts establish only that Mr. Bennett and Mr. DeLoney were perhaps not "directly" involved in the collection of this particular debt. There is also evidence, however, that both exercise supervisory authority over the corporation, are intimately involved with the practices and procedures of the corporation, and, in fact, developed and implemented the particular collection practice involved in this case which the plaintiff alleges is in violation of the FDCPA. This "indirect" participation creates at least a disputed factual issue as to whether or not they were "debt collectors" under the FDCPA. Summary judgment on the FDCPA claim is therefore denied.

### 2. Unjust Enrichment Claim

The plaintiff has also alleged a state law claim for unjust enrichment. "In order to prevail on a claim of unjust enrichment, three elements must be met. First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[32] In this case, the benefit, if any, was conferred on the corporation, and not the individual defendants. The plaintiff has not alleged any basis for piercing the corporate veil. Therefore, summary judgment in favor of the individual defendants is appropriate on this claim for relief. To the extent the plaintiff argues that unjust enrichment is a tort, and that corporate officers who direct or participate in a tortuous act are individually liable,[33] the court

---

[32]*Groberg v. Housing Opportunities, Inc.*, 68 P.3d 1015, 1019 (Utah Ct. App. 2003).

[33]*See Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958).

disagrees.  Unjust enrichment sounds neither in tort, nor contract, but is an equitable claim based on restitution.[34]

In addition, equitable remedies, such as unjust enrichment, are generally not available when there is an adequate remedy at law.[35]  In this case, the defendants were only unjustly enriched if the FDCPA was violated.  As such, the FDCPA appears to provide an adequate remedy.  For both of these reasons, therefore, summary judgment in favor of the individual defendants is granted on the unjust enrichment claim.

### CONCLUSION

The individual defendants' motion for summary judgment [23] is GRANTED IN PART and DENIED IN PART.  The plaintiff's motion to strike certain factual statements in the defendants' reply memorandum [45] is DENIED.  The motion for a stay pending resolution of a motion to consolidate has been withdrawn.

DATED this 23rd day of May, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[34]*Hydro Conduit Corp. v. Kemble*, 793 P.2d 855, 860 (N.M. 1990) (citing Palmer, *The Law of Restitution* § 1.1 (1978)).

[35]*Davis v. Cox*, 356 F.3d 76 (1st Cir. 2004) (claim of unjust enrichment only available when there is not an adequate remedy at law); *Bender v. CenTrust Mortgage Corp.*, 51 F.3d 1027 (11th Cir. 1995) (same).